```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| GARY D. WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UPPER DARBY POLICE OFFICER | : | |
| MR. WILLIAM SMINKEY, et al. | : | NO. 15-5698 |

**M E M O R A N D U M**

PRATTER, J.                                OCTOBER 30, 2015

Mr. Gary D. Williams has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against an Upper Darby police officer, the Upper Darby Police Department, a Deputy District Attorney and the Delaware County Courthouse. Mr. Williams alleges that Officer Sminkey committed perjury when he testified in Mr. Williams' criminal case. He further alleges that District Attorney Stewart M. Jackson violated his constitutional rights because he disapproved Mr. Williams' request to file a private criminal complaint against Officer Sminkey.

For the following reasons, Mr. Williams' claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**A.  Claims Against the Upper Darby Police Department**

Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations or enactments. Monell v. Department of Social Services, 436 U.S. 658 (1978). There is no such allegation in the present complaint. Therefore, Mr. Williams' claims against the Upper Darby Police Department will be dismissed.

**B.     Claims Against District Attorney Stewart M. Jackson**

The doctrine of absolute immunity shields prosecutors from liability related to their official acts. <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976). A prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." <u>Id</u>. at 410. Mr. Williams' claims against District Attorney Stewart M. Jackson will be dismissed because there is nothing in the complaint to suggest that he acted outside of the scope of his prosecutorial duties in connection with Mr. Williams' request to bring criminal charges against Officer Sminkey. Furthermore, a private citizen does not have a judicially cognizable interest in the criminal prosecution or nonprosecution of another. <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973).

**C.     Claims Against Officer William Sminkey**

Mr. Williams alleges that Officer Sminkey violated his constitutional rights because he provided false testimony when he testified as a witness in Mr. Williams' criminal case. However, a witness, governmental or otherwise, may not be sued under 42 U.S.C. § 1983 for damages. <u>Briscoe v. LaHue</u>, 460 U.S. 325 (1983).

**D.     Claims Against the Delaware County Courthouse**

Finally, although Mr. Williams has named the Delaware County Courthouse as a defendant in this caption, it appears that he is actually attempting to sue the Delaware County Court of Common Pleas. The Delaware County Court of Common Pleas is a state

entity entitled to Eleventh Amendment immunity. See <u>Benn v. First Judicial Dist. Of Pa.</u>, 426 F.3d 233 (3d Cir. 2005). Therefore, the claims against the Delaware County Court of Common Pleas must be dismissed.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002). Here, plaintiff will not be given leave to amend because amendment would be futile, as he cannot cure the above deficiencies in his complaint.